HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INX, LLC,

           Plaintiff,

     v.

MUSIC GROUP SERVICES U.S., INC.,

           Defendant.

CASE NO. C13-2126RAJ

TEMPORARY RESTRAINING ORDER

## I.  ORDER ON MOTION

     This matter comes before the court on Plaintiff INX, LLC's motion for a temporary restraining order ("TRO").  Dkt. # 10.  Plaintiff seeks a TRO to restrain any potential sale of real property owned by Defendant Music Group Services U.S., Inc. until the court can rule on the motion for writ of attachment.  Defendant agrees to the entry of the TRO as proposed by plaintiff until such time as defendant posts a judicial bond for $350,000 with the court.  Dkt. # 17 at 2.[1]  The court granted the parties additional time for the parties to attempt to resolve whether plaintiff would accept the $350,000 bond in

--------------------

[1] The court notes that it provided defendant with the opportunity to respond substantively to the motion.  Dkt. # 16.  However, defendant did not respond to the substantive arguments provided by plaintiff.  Rather, defendant argued that posting a bond for $350,000 in lieu of a restraining order was appropriate.  Accordingly, plaintiff's version of the facts are undisputed for purposes of this order.

1   lieu of an order restraining the sale until the court rules on the motion for writ of

2   attachment.  Dkt. # 18.  Defendant submitted an application for the $350,000 bond on

3   Tuesday, December 17, 2013, and is awaiting a response from International Fidelity

4   Insurance Company.  Dkt. # 20 at 2.  Defendant was advised that the bonding company

5   may need up to 48 hours to underwrite the bond.  *Id.*  The parties met and conferred

6   regarding the amount of the bond, the need for plaintiff to determine whether the bond

7   has sufficient sureties, and whether the posting of the bond would replace the need for the

8   writ of attachment.  *Id.*  However, the parties were unable to reach agreement on these

9   issues, and are unlikely to reach an agreement until it is known whether the bonding

10  company will issue the bond.  *Id.*

11      In plaintiff's motion, it requested, in the alternative, that the court direct defendant

12  to deposit $350,000 into the registry of the court in case defendant sells, transfers or

13  encumbers the property prior to the hearing on INX's attachment motion.  Dkt. # 10 at

14  10.  "This amount represents a reasonable estimate of (a) the amount Defendant owes

15  INX under the parties' contract (including interest), plus (b) reasonable attorney's fees

16  and costs that could be incurred by Plaintiff in recovering judgment against Defendant, to

17  which INX is entitled under the terms of the parties' contracts."  *Id.*

18      It is unclear to the court why plaintiff has reservations regarding defendant's

19  attempt to post a $350,000 bond when it requested that amount to be deposited into the

20  registry of the court in the first instance.  Nevertheless, since the parties have not reached

21  an agreement, the court will rule on plaintiff's motion.

22      The standard for a temporary restraining order is substantially identical to the

23  standard for granting a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush*

24  *& Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "A plaintiff seeking a preliminary

25  injunction must establish that he is likely to succeed on the merits, that he is likely to

26  suffer irreparable harm in the absence of preliminary relief, that the balance of equities

27  tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res.*

*Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008).  An injunction will not issue if the moving party merely shows a possibility of some remote future injury or a conjectural or hypothetical injury.  *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011).

**A.  Likelihood of Success on the Merits**

        INX only seeks the TRO until the court resolves the attachment motion, and it argues that it is likely to succeed in this context because it is entitled to pre-judgment writ of attachment.  Dkt. # 10 at 4-7.  INX also argues it is likely to succeed on the merits of the breach of contract claim.  *Id.* at 7.

        Federal Rule of Civil Procedure 64 provides:  "At the commencement of and throughout an action, every remedy available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies."  Fed. R. Civ. Proc. 64(a).  To prevail on a motion for issuance of prejudgment writ of attachment, plaintiffs must establish that (1) there is probable cause to believe that the alleged statutory ground for attachment exists, and (2) the probable validity of the claims.  RCW 6.25.070(1); *see L.C. v. Gilbert*, Case No. C09-5586 BHS, 2010 WL 2650603 (W.D. Wash. 2010).

       1.  Probable Cause regarding Statutory Grounds for Attachment

        Under Washington law, a plaintiff may obtain a prejudgment writ of garnishment if the writ is issued for a purpose other than garnishing a defendant's earnings "(a) on the ground that an attachment has been issued in accordance with chapter 6.25 RCW, (b) on the ground that the plaintiff sues on a debt that is due and owing and unpaid, or (c) on one or more of the grounds for issuance of attachment stated in RCW 6.25.030 or 6.25.040."  RCW 6.26.010.  Section 6.25.030 allows the court to issue a writ of attachment on the grounds that, among others, "the defendant . . . is about to assign, secrete, or dispose of,

any of his property, with intent to delay or defraud his or her creditors[,]" "the defendant is about to convert his or her property, or a part thereof, into money for the purpose of placing it beyond the reach of his or her creditors[,]" and "the object for which the action is brought is to recover on a contract, express or implied[.]"  RCW 6.25.030(6), (7), (10).

Here, INX has brought this action to recover debts and obligations owed by defendant to plaintiff pursuant to various agreements between the parties.  Dkt. # 12 (Hedgecock Decl.) ¶ 4.  Defendant contractually agreed to pay INX for its services, and failed to do so.  *Id.* ¶¶ 6-19., Exs. A-C.

Accordingly, the court finds probable cause that statutory grounds for issuing a prejudgment writ of attachment exists.

2. Probable Validity of Claim

"Generally, a plaintiff in a contract action must prove a valid contract between the parties, breach, and resulting damage."  *Lehrer v. State, Dept. of Social & Health Servs.*, 101 Wash. App. 509, 516, 5 P.3d 722 (Wash. App. 2000).  Plaintiff has provided undisputed evidence that the parties entered into valid agreements, plaintiff performed the services pursuant to the contracts, defendant failed to pay plaintiff for those services, and that defendant's failure to pay resulted in damages.  Dkt. # 12 (Hedgecock Decl.) ¶¶4-21, Exs. A-C; Dkt. # 13 (Crook Decl.) ¶¶ 3-4.

Accordingly, the court finds that plaintiffs have demonstrated the probable validity of their claims.[2]

**B. Irreparable Harm**

Plaintiff filed this case in King County Superior Court on November 15, 2013.  Dkt. # 2-1 at 2.  On the same day, plaintiff also filed a motion for order to show cause

---

[2] The court notes that the same evidence supports a finding that plaintiff is likely to succeed on the merits of its breach of contract claim.

1   why writs of attachment should not be issued against the Western Avenue Property.  Dkt.

2   # 6-5.  The motion for order to show cause was granted on the same day, and a hearing

3   was set for Monday, November 25, 2013.  Dkt. ## 6-7, 6-8.  On Friday, November 22,

4   one business day before the hearing, defendant removed this action to this court.  Dkt. #

5   1.  On November 25, 2013, defendant listed the property for sale.  Dkt. # 14 (Rataezyk

6   Decl.) ¶ 4, Ex. A.  Plaintiff received confirmation on December 9, 2013 that defendant

7   had listed the Western Avenue Property for sale.  *Id.*  To the best of plaintiff's

8   knowledge, defendant owns no other significant assets in Washington, and all of

9   defendant's other liquidated assets are capable of being moved outside of Washington.

10  *Id.* ¶ 5.

11        It appears to the court that defendant has attempted to dissipate its only significant

12  asset to avoid judgment given the timing of the removal and posting of the property for

13  sale.  The court finds that plaintiff has demonstrated that irreparable harm would result if

14  defendant disposes of its only significant asset in Washington, which would result in an

15  inability to collect money judgment.  *In re Estate of Ferdinand Marcos*, 25 F.3d 1467,

16  1480 (9th Cir. 1994) ("We join the majority of circuits in concluding that a district court

17  has authority to issue a preliminary injunction where the plaintiffs can establish that

18  money damages will be an inadequate remedy due to impending insolvency of the

19  defendant or that defendant has engaged in a pattern of secreting or dissipating assets to

20  avoid judgment.").

21  **C. Balance of the Equities and Public Interest**

22        In balancing the equities, the court "must balance the competing claims of injury

23  and must consider the effect on each party of the granting or withholding of the requested

24  relief."  *Winter*, 555 U.S. at 24.  "In exercising their sound discretion, courts of equity

25  should pay particular regard for the public consequences in employing the extraordinary

26  remedy of injunction."  *Id.*

27

Defendant has not identified any burden it would suffer if the court granted the TRO until it could resolve the writ of attachment motion.  Dkt. # 17.  The court recognizes that defendant could suffer a temporary delay of its ability to dispose of the Western Avenue Property until the court can rule on the attachment motion.  However, this temporary delay is significantly outweighed by the substantial injury INX would suffer if defendant could dispose of its only significant asset prior to the court's ruling on the attachment motion.  Additionally, the public interest is served in temporarily enjoining defendant from disposing of the Western Avenue Property.  *See Thompson v. DeHart*, 84 Wash. 2d 931, 937, 530 P.2d 272 (Wash. 1975) (recognizing Washington's "overriding state interest in protecting creditors from fraudulent or wrongful disposal of property by a debtor.").

Since plaintiff concedes that defendant could suffer a temporary delay of its ability to dispose of the Western Ave Property, the court believes a bond is appropriate in the event that defendant is actually delayed in selling the property until the court can rule on the attachment motion.  The court believes that a $5,000 bond is appropriate.

Accordingly, the court finds that the balance of the equities favor INX.

**D. Conclusion**

For all the foregoing reasons, the court GRANTS plaintiff's motion for a TRO.  The court notes that it appears that the parties may be able to resolve whether the $350,000 bond that defendant is attempting to obtain will be adequate in lieu of the TRO and writ of attachment.  If the parties reach an agreement regarding the bond and wish to dissolve the TRO and withdraw the motion for writ of attachment, they may file a stipulated motion to that effect.

## II.   TEMPORARY RESTRAINING ORDER

For the reasons stated above, the court GRANTS INX's motion and enters the following temporary restraining order.

1     Effective upon posting a $5,000 bond or equivalent security with the court,

2  defendant Music Group Services U.S., Inc., including any persons, agents or other

3  entities under its control, is enjoined from selling, transferring, encumbering, disposing

4  of, or otherwise altering its interest in the property located at 2501 Western Ave, Seattle

5  Washington.

6     This TRO will remain in effect until the court resolves the attachment motion,

7  which will be fully briefed by December 27, 2013.  The court will attempt to resolve that

8  motion with the utmost expediency.  Accordingly, the court anticipates that the TRO will

9  only be in effect no more than three weeks from today's date.  The TRO will

10  automatically dissolve once the court rules on the attachment motion.  Dkt. # 11.

12     Dated this 19th day of December, 2013.

The Honorable Richard A. Jones
United States District Judge

ORDER - 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27