HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INX, LLC,

    Plaintiff,

v.

MUSIC GROUP SERVICES U.S., INC.,

    Defendant.

CASE NO. C13-2126RAJ

ORDER

This matter comes before the court on the court's order requiring a Local Civil Rule 37 submission regarding a cash deposit in lieu of a writ of attachment. Dkt. # 30. On December 19, 2013, the court entered a temporary restraining order ("TRO") that enjoined defendant Music Group Services U.S., Inc. from selling, transferring, encumbering, disposing of, or otherwise altering its interest in the property located at 2501 Western Ave, Seattle, Washington. Dkt. # 21 at 7. On January 7, 2014, the court granted plaintiff's motion for writ of attachment. Dkt. # 30. However, rather than enter the writ, the court ordered the parties to meet and confer regarding a reasonable estimate of damages and attorney's fees since defendant expressed a preference for a cash deposit into the court registry rather than a writ attaching its property. *Id.*

The court has reviewed the parties' joint submission (Dkt. # 32), and makes the following observations. Both parties appear to be pursuing an aggressive litigation

ORDER - 1

strategy, which is their prerogative.[1]  While this case may have started as a simple breach of contract claim, defendant's new counterclaim of deceptive trade practices, and somewhat expanded scope of its counterclaims for misrepresentation and breach of contract, have expanded the scope of litigation.  The court is concerned that liquidation of defendant's only asset will leave plaintiff without recourse.  Although plaintiff suggests that the court should simply enter the writ, defendant has stated its preference for filing a cash bond.  The court has reviewed plaintiff's preliminary assessment of potential litigation costs and believes that $500,000.00 will be sufficient to cover its damages, fees and costs.  The court notes that it does not comment with respect to the reasonableness of any fees, and will carefully review any motion for attorney's fees and supporting documentation at the appropriate time.  Nevertheless, at this early stage of the litigation, the court finds that a $500,000.00 cash deposit or unconditional bond will sufficiently ensure judgment.

For all the foregoing reasons, the court ORDERS that defendant provide a $500,000.00 cash deposit or unconditional bond in lieu of the writ of attachment.  If upon review of this order, defendant determines it would rather attach its property, the parties shall file a stipulated proposed order of attachment.  Defendant shall, no later than 5 days from this order, deposit with the court registry $500,000.00, post an unconditional bond, or file a stipulated proposed order of attachment for the court's signature.  Once defendant complies with this order, the court will dissolve the TRO.

---

[1] The court notes that upon learning from court staff that an order of the court was required prior to accepting a cash deposit, defendant could have filed a stipulated motion for the court to enter an order for a $350,000 bond.  It did not, and, instead, opposed the attachment motion.

Dated this 21st day of January, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge